[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14425
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00338-RS-CJK


PATTI RISTER,

Plaintiff-Appellant,

versus

LARRY MEESE,
in his official capacity as Chief Executive
Officer of Jackson Hospital,
AMANDA TRIANO,
individually,
BROOKE DONALDSON,
individually,
ROBIN CATT,
individually and in her supervisory
capacity,

Defendants-Appellees,

DENEA STEPHENS,
individually, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 28, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Patti Rister, a Licensed Practical Nurse formerly employed by Jackson Hospital, appeals the district court's grant of summary judgment in favor of the defendants on her First Amendment retaliation claim filed under 42 U.S.C. § 1983. Rister challenges the district court's ruling that the speech in question was made in her capacity as a public employee on a matter of private concern and therefore not entitled to First Amendment protection.

The state may not fire an employee in retaliation for speech protected by the First Amendment, but an employee's right to free speech is not absolute. Bryson v. City of Waycross, 888 F.2d 1562, 1565 (11th Cir. 1989). To qualify for First Amendment protection, the employee has the burden of showing that she "(1) spoke[] as a citizen and (2) addressed matters of public concern." Boyce v. Andrew, 510 F.3d 1333, 1341 (11th Cir. 2007); see also Maples v. Martin, 858 F.2d 1546, 1552 n.9 (11th Cir. 1988). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First

Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S. Ct. 1951, 1960 (2006). We use the "content, form, and context of a given statement, as revealed by the whole record" to determine whether an employee's speech addresses a matter of public concern or merely a private concern. Boyce, 510 F.3d at 1343 (quoting Connick v. Myers, 461 U.S. 138, 147–48, 103 S. Ct. 1684, 1690 (1983)).

The speech at issue in this case was Rister's refusal to enforce a new hospital visitation policy. That policy increased visitation hours but required nurses, including Rister, to enforce a two-visitor-per-room limit. During an October 2012 conversation with a supervisor that took place while Rister was on duty and at the nurses' station, Rister said that regardless of the new policy, she "would not ask visitors to leave a patient's room, even if there were 500 people in the room." Later, after the hospital's Director of Nursing confronted her about her refusal to enforce the policy, Rister repeated that she would not enforce it. The Director of Nursing terminated her employment based on that refusal and other disciplinary incidents not at issue here.

Rister's statements were made while she was in her nurse's uniform, at work, and speaking to a supervisor, and they concerned a hospital regulation she was required to follow and refused to follow. They were not statements of a

3

private citizen on a matter of public concern, but statements of a state employee about her personal disagreement with a specific policy she did not want to enforce. Rister attempts to recast her refusal to follow and enforce hospital policies as protected speech by claiming that other nurses and the public were concerned about the new visitation policy.  She cannot.  See Boyce, 510 F.3d at 1344 (noting that an employee cannot "transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run.").  Rister's statements focused on her private disagreement with a hospital policy and her private refusal to enforce that policy.  Summary judgment in favor of the defendants was appropriate.

**AFFIRMED**.[1]

---

[1] Appellees' motion to file a supplemental appendix out of time is **GRANTED**.